UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT D. WARE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL O. LEAVITT, SECRETARY, )<br>UNITED STATES DEPARTMENT OF )<br>HEALTH AND HUMAN SERVICES, )<br>)<br>Defendant. )<br>) | Civil No. 06-1030 (RWR) |

### DEFENDANT'S MOTION TO DISMISS FOR LACK OF VENUE OR, IN THE ALTERNATIVE, TO TRANSFER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant, Michael O. Leavitt, Secretary, United States Department of Health and Human Services, moves to dismiss Plaintiff's Complaint for improper venue. Fed R. Civ. P. 12(b)(3). In the alternative, Defendant moves this Court for a change of venue under 28 U.S.C. § 1406(a).

In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities and Declaration.[1] A proposed Order consistent with this

---

[1] The attached Declaration is submitted to provide a basis for the Court's determination of the appropriate venue.

motion is attached hereto.

                Respectfully submitted,

                _____
                KENNETH L. WAINSTEIN, D.C. BAR # 451058
                United States Attorney

                _____
                RUDOLPH CONTRERAS, D.C. Bar # 434122
                Assistant United States Attorney

                _____
                RHONDA C. FIELDS
                Assistant United States Attorney
                Civil Division
                555 Fourth Street, N.W.
                Washington, D.C. 20530
                202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT D. WARE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 06-1030 (RWR) |
| MICHAEL O. LEAVITT, SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF VENUE OR, IN THE ALTERNATIVE, TO TRANSFER**

Defendant, Michael O. Leavitt, Secretary, United States Department of Health and Human Services ("defendant"), files this memorandum of law in support of this motion to dismiss or transfer on the basis that venue is improper in the District of Columbia.

I.   STATEMENT OF FACTS

Plaintiff, Robert D. Ware, brings this action against the Defendant alleging wrongful termination and sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII"). Complaint. At all relevant times, Plaintiff was employed as an Administrative Associate in the Health Resources and Service Administration (HRSA) Scholars Program, HRSA, Department of Health and Human Services. Green Dec. at ¶2. Plaintiff was terminated effective October 4, 2002. Id. at ¶3. At all times while employed by the defendant plaintiff's duty station was in Rockville, Maryland and his official personnel file was maintained in Rockville, Maryland. Id. at ¶4. The notice advising plaintiff that his employment would be

terminated was issued to him from the Rockville, Maryland office.  Id. at ¶5.

II.    ARGUMENT

    A.    Venue Is Improper In This District

This Circuit has held that venue in Title VII actions is governed by the special venue provision of Title VII, 42 U.S.C. § 2000e-5(f)(3).  See Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969), cert. denied, 396 U.S. 895 (1969).  This provision limits the choice of available forums, and controls any other venue provision governing actions in federal court.  See id.; Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983); Hayes v. RCA Serv. Co., 546 F. Supp. 661, 663 (D.D.C. 1982).

Title VII provides four possible venue options.  First, venue lies in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed."  42 U.S.C. § 2000e-5(f)(3).  Second, the action may be brought in "the judicial district in which the employment records relevant to such practice are maintained and administered."  Id.  Third, the complaint may also be brought in "the judicial district in which the [plaintiff] would have worked but for the alleged unlawful employment practice."  Id.  Fourth, venue lies in "the judicial district in which the [employer] has his principal office[,]" id., but only if the defendant cannot be brought before the court in any of the three preceding districts.

The last venue option, the judicial district in which the agency head has his principal office, is available only if the defendant is not found in any of the first three judicial districts.  See Donnell, 568 F. Supp. at 95; Turbeville v. Casey, 525 F. Supp. 1070, 1072 (D.D.C. 1981).  As discussed below, plaintiff has not alleged that any discrimination occurred in the District of Columbia..  Plaintiff's employment records are maintained in Maryland, and, at all times relevant

2

to the complaint, Plaintiff was employed in Maryland.  Thus, the District of Columbia, the judicial district in which the Defendant has its principal office, is not the appropriate forum for Plaintiff's complaint.

      1.      Plaintiff Does Not Allege That Unlawful Employment Practices Were Committed In This District

The first venue option is "any judicial district in the State in which the unlawful employment practice is alleged to have been committed."  42 U.S.C. § 2000e-5(f)(3).  The D.C. Circuit has held that, with respect to Title VII actions, it was "the intent of Congress to limit venue to the judicial district concerned with the alleged discrimination."  Stebbins, 413 F.2d at 1103.  Therefore, the Court must look to "the place where the decisions and actions concerning the employment practices occurred."  Hayes, 546 F. Supp. at 663.

At all times relevant to the complaint, Plaintiff was employed as a Administrative Associate in the HRSA Scholars Program.  His duty station was in Maryland and the letter notifying him his employment would be terminated issued from the Maryland office.   Moreover, Plaintiff does not allege that any of the alleged unlawful employment practices were committed in the District of Columbia.  Therefore, the District of Maryland, not the District of Columbia is the proper venue for Plaintiff's complaint.

      2.      Employment Records Related To The Alleged Unlawful Employment Practice Are Not Maintained Or Administered In This District

The second venue option is "the judicial district in which the employment records relevant to such [unlawful employment] practice are maintained and administered."  42 U.S.C. § 2000e-5(f)(3).  Plaintiff does not allege that the employment records relevant to the complaint are maintained or administered in the District of Columbia.

At all times relevant to the complaint, Plaintiff's official personnel file was maintained in Rockville, Maryland, and the file was stored in the Labor and Employee Relations Office file room in the Rockville Human Resources Center. Green Dec. at ¶¶ 1-2, 3. Because the location of the relevant personnel files does not support venue in the District of Columbia, see Washington v. Gen. Elec. Corp., 686 F. Supp. 361 (D.D.C. 1988), the District of Maryland, not the District of Columbia, is the appropriate venue under this provision for Plaintiff's Title VII claims.

       3.     Plaintiff Did Not Seek Employment In This District

The third venue option is "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Plaintiff, at all times relevant to the complaint, was employed by HRSA in Rockville, Maryland. Plaintiff does not claim, nor can he demonstrate, that he sought or was denied a position with HRSA in the District of Columbia. Therefore, Plaintiff may not assert that he would have worked in this district but for the unlawful employment practice. Thus, venue is not proper in the District of Columbia.

       4.     Although the Agency's Principal Office is Located in This District, This Venue is Only Proper if the Other Venue Options Are Not Viable

Pursuant to Title VII, civil actions must be brought against the head of the agency. 42 U.S.C. § 2000e-16(c). The office of the agency head, the Secretary of Health and Human Services, is located in the District of Columbia. However, the fourth venue option which permits venue to be in "the judicial district in which the [defendant] has his principal office," is only available if the other three venue provisions cannot be satisfied in any judicial district. See

Stebbins, 413 F.2d at 1102; Donnell, 568 F. Supp. at 95; Turbeville, 525 F. Supp. at 1072.

Plaintiff does not, and cannot claim that the first three venue provisions cannot be satisfied in any judicial district.  Therefore, venue in the District of Columbia is not appropriate.

  B.  The Court Should Dismiss Plaintiff's Claims Or, In The Alternative, Should Transfer This Action To The District Of Maryland

When an action is filed in an improper venue, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a).  The decision whether a transfer or a dismissal is in the interest of justice rests within the sound discretion of the district court.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Piper Aircraft v. Reyno, 454 U.S. 235, 257 (1981); Naartex Consulting Corp. V. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983), cert. denied, 467 U.S. 1210 (1984) (citing Wright, Miller & Cooper); Cellutech, Inc. v. Centennial Cellular Corp., 871 F. Supp. 46 (D.D.C. 1994); Hayes, 546 F. Supp. at 665 ("[u]nder [28 U.S.C. § 1406(a)], the decision as to whether a dismissal or a transfer is appropriate is one committed to the discretion of the Court acting in the interests of justice.") (citing 15 Wright, Miller & Cooper § 3827).  The district court has the same discretion to dismiss, rather than transfer, in Title VII cases.  Washington v. Gen. Elec. Corp., 686 F. Supp. 361, 362 (D.D.C. 1988); Sconion v. Thomas, 603 F. Supp. 66 (D.D.C. 1984); Hayes, 546 F. Supp. at 665.

## III.  CONCLUSION

Therefore, pursuant to 28 U.S.C. § 1406(a), this Court should dismiss plaintiff's Title VII claims or transfer them to the United States District Court for Maryland.

        Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of September, 2006, a copy of the foregoing Venue motion, exhibit, and proposed order was mailed, postage prepaid to plaintiff pro se Robert D. Ware, 425 Second Street, NW, Washington, D.C. 20001.

_____
Rhonda C. Fields
Assistant United States Attorney