UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBERT D. WARE,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL O. LEAVITT, SECRETARY,<br>UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   Civil No. 06-1030 (RWR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### REPLY TO PLAINTIFF'S ANSWER TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF VENUE OR, IN THE ALTERNATIVE, TO TRANSFER

In his response to Defendant's venue motion, Plaintiff does not dispute any of the facts offered by Defendant to show that venue in the District of Columbia is improper. Therefore, he has conceded the assertions in defendant's motion. *See Brown v. District of Columbia*, 251 F. Supp. 2d 152, 162 (D.D.C. 2003)(Since plaintiff failed to address defendant's arguments, defendant's arguments deemed conceded). Rather, plaintiff requests the Court to keep the case in the District of Columbia because he resides here and because "Maryland venue poses a hostile, and vindictive environment" because "it was within Maryland where he was forcibly removed from the work environment...." Response at 1-2.

Plaintiff cites to 28 U.S.C. § 1406(a) which allows a district court of a district in which a case whose venue is improper to dismiss the case or, "in the interest of justice," transfer the case to a district in which it could have been brought. *Id.* The purpose of this statute is to allow a case filed in an improper venue to be transferred to a proper venue rather than be dismissed.

The District of Columbia is not a venue where plaintiff's case "could have been brought." Plaintiff has not established any basis for venue in this district. He has conceded the following facts in plaintiff's motion: that the alleged unlawful employment practice occurred in Maryland, that his employment records are maintained in Maryland, and that his duty station was in Maryland. Defendant's Memorandum of Points and Authorities at pp. 1-4. Since plaintiff's duty station was in Maryland, he would have worked in Maryland but for the alleged unlawful employment practice. Therefore, Maryland is the appropriate venue under the first three provisions of Title VII's specific venue statue, 42 U.S.C. §2000e-5(f)(3). *See Dank v. Nicholson,* 2006 WL 763073, *2) (D.D.C.2006) ("[E]ach of the first three venue provisions found in Title VII argue against finding venue in the District of Columbia."); *Rauch v. Chertoff*, 2006 WL 2566988, *2 (D.D.C.2006).

Since there is no basis for venue in this district, plaintiff's case should be dismissed or transferred.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 25th day of October, 2006, a copy of the foregoing Reply motion and proposed order was mailed, postage prepaid to plaintiff pro se Robert D. Ware, 425 Second Street, NW, Washington, D.C. 20001.

 

Rhonda C. Fields
Assistant United States Attorney