UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT WARE, | ) |
|     Plaintiff, | ) )  ) |
| v. | ) Civil Action No. 06-1030 (RWR) ) |
| MIKE LEAVITT, Secretary, Department of Health and Human Services, | ) ) ) |
|     Defendant. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding *pro se*, alleges that his former employer, the United States Department of Health and Human Services ("HHS"), wrongfully terminated his employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Defendant has moved to dismiss or, in the alternative, to transfer the case for lack of venue.

I. BACKGROUND

Mr. Ware, a resident of the District of Columbia, was hired by HHS as an Administrative Associate in the agency's Health Resources and Services Administration on November 4, 2001. Decl. of Matthew Green ¶¶ 2, 3.[1] During the entire length of his employment with HHS, plaintiff's duty station was in Rockville, Maryland. *Id.* ¶ 4. He was terminated from his employment on October 4, 2002 in Maryland. *Id.* ¶ 3; Plaintiff's Answer to Def.'s Mot. at 2.

Plaintiff complained unsuccessfully to the Equal Employment Opportunity Commission ("EEOC") and was informed of his right to bring suit in federal court. Compl. at 2.

---

[1] Because defendant has moved to dismiss for lack of venue, the Court may consider matters outside the pleadings. *See Gianelli v. Chirkes*, 377 F. Supp. 2d 49, 51 (D.D.C. 2005).

## II. STANDARD OF REVIEW

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, defendant moves to dismiss the complaint based on improper venue. Alternatively, defendant requests that the case be transferred to the District of Maryland. In ruling on such a motion, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002); *2215 Fifth St. Assocs. v. U Haul Int' l, Inc.*, 148 F. Supp. 2d 50, 54 (D.D.C. 2001). To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue. *Id.*

## III. ANALYSIS

Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3), states that a plaintiff may bring an employment discrimination claim in (1) any judicial district in which the unlawful employment practice is alleged to have been committed; (2) the judicial district in which the employment records relevant to such practice are maintained and administered; (3) the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice; or (4) if the employer is not found within any such district, such an action may be brought within the judicial district in which the employer has his principal office. This statutory scheme indicates that Congress intended to limit venue to those jurisdictions concerned with the alleged discrimination. *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969); *Darby*, 231 F. Supp. 2d at 277.

Venue cannot lie in the District of Columbia when "a substantial part, if not all, of the employment practices challenged in [the] action" took place outside the District even when

actions taken in the District "may have had an impact on the plaintiff's situation." *Donnell v. Nat'l Guard Bureau,* 568 F.Supp. 93, 94 (D.D.C. 1983). At all times relevant to plaintiff's claim, he was assigned to a duty station in Rockville, Maryland, and the termination alleged in the complaint occurred in Maryland. No unlawful employment practice is alleged to have been committed in the District of Columbia. The files relevant to plaintiff's claim are located at that facility. Decl. of Matthew Green ¶ 4. Plaintiff neither alleges nor shows that he would have worked anywhere but in Maryland had he not been terminated. Plaintiff merely argues that it would be more convenient for him to have the case resolved in this district. Plaintiff's preference has no bearing on whether venue is proper in this jurisdiction. For these reasons, venue is improper in this district.

When a plaintiff files an action in the wrong district, courts are to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. 28 U.S.C. § 1406(a). A district court may transfer a civil action to any other district where the claim might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a); *see also Zakiya v. United States*, 267 F. Supp. 2d 47, 59 (D.D.C. 2003). As a general matter, a transfer of the case is favored over a dismissal. *El v. Belden*, 360 F. Supp. 2d 90, 93 (D.D.C. 2004). In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

As is noted above, all the events described in the complaint occurred in the District of Maryland. The cause of action arose in that jurisdiction. The relevant witnesses and documents presumably would be located there. Therefore, in the interests of justice, the case should be transferred to Maryland.

## IV. CONCLUSION AND ORDER

Since venue is improper in this jurisdiction and proper in Maryland, it is hereby

ORDERED that defendant's motion to dismiss, or in the alternative, to transfer [7] is GRANTED IN PART. It is hereby

FURTHER ORDERED that the case is TRANSFERRED to the United States District Court for the District of Maryland.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge

DATE: 3-9-07